**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Mikhail Oleynik,<br><br>　　　　Petitioner,<br><br>v.<br><br>State of Minnesota,<br><br>　　　　Respondent. | Civil File No. 04-3131 (JNE/JSM)<br><br>**AMENDED REPORT AND RECOMMENDATION** |

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254. This matter has been referred to this Court for a Report and Recommendation pursuant 28 U.S.C. § 636 (b)(1)(B) and Local Rule 72.1(c). The Petitioner appears pro se. Respondent appears by Kimberly Parker, Assistant Attorney General, State of Minnesota.

**Because of two cases issued by the Eighth Circuit Court of Appeals shortly after this Court issued its Report and Recommendation dated June 2, 2005 [Docket No. 10], that Report and Recommendation is withdrawn, and is replaced by this Amended Report and Recommendation.**

For the reasons discussed below, it is recommended that the petition for writ of habeas corpus be dismissed without prejudice.

**I.　　BACKGROUND**

On September 11, 2001, a jury convicted petitioner of kidnapping and first-degree criminal sexual conduct. Petitioner was sentenced to 144 months in prison, and he is presently serving his sentence at the Minnesota Correctional Facility at Moose Lake, Minnesota.

Following his conviction, Petitioner filed a direct appeal with the Minnesota Court of Appeals, in which he argued that: 1) the evidence was insufficient as a matter of law to sustain his convictions; 2) he was entitled to a new trial because the trial court erred in admitting DNA evidence and by excluding the past sexual history of the victim; 3) he was entitled to a new trial because one of his interpreters had a conflict of interest; and 4) he was entitled to a new trial due to prosecutorial misconduct. See App. to State's Mem., Ex. 1, p. 4-5; (Docket No. 5). On November 26, 2002, the Court of Appeals concluded that the trial court abused its discretion in admitting DNA evidence and that the error was not harmless. See State v. Oleynik, No. C6-02.237, 2002 WL 31654991 at *1-2 (Minn. Ct. App. 2002). The Court of Appeals did not address the other issues raised by petitioner. Id., at *2.

On January 23, 2003, the Minnesota Supreme Court granted the State's Petition for Review and stayed proceedings pending the final disposition in a case argued before the Supreme Court which controlled the outcome of the appeal. See App. to State's Mem., Ex. 4. On March 18, 2003, the Supreme Court vacated the opinion of the Court of Appeals and remanded the matter to the Court of Appeals for proceedings consistent with its decision in State v. Traylor, 656 N.W.2d 885 (Minn. 2002). Id., Ex. 5. On July 15, 2003, the Court of Appeals issued an Order Opinion, in which it addressed all issues raised by petitioner and affirmed his convictions. Id., Ex. 7, p. 2-4. Petitioner appealed the decision of the Court of Appeals, and on October 21, 2003, the Supreme Court denied review. Id., Ex. 8 & 9.

On July 6, 2004, Petitioner filed his current federal habeas corpus petition, which lists four grounds for relief:

(1) that he was denied his 5th Amendment Due Process rights because the evidence proved the victim's claims to be false;

(2) that the prosecutors engaged in malicious prosecution of petitioner, which was aided by the trial court;

(3) that he was denied his 6th Amendment rights to a speedy trial and an impartial jury; and

(4) that he was falsely accused and is currently incarcerated due to the "Fraudulent Schemes and practices of the STATE and Court."

Petition, p. 2-4; (Docket No. 1).

Despite listing four grounds, a fair reading of the Petition reveals that it raises only three issues. Petitioner asserts claims in grounds 1, 2 and 4 which generally allege that his due process rights were violated because the victim lied and the evidence was insufficient to support the convictions. In ground 3, Petitioner alleges that his speedy trial rights were violated. Also in ground 3, Petitioner alleges that his right to a fair trial was violated because the jury returned a verdict on September 11, 2001, the date of the terrorist attacks on the World Trade Center and the Pentagon. In response to Petitioner's application for a writ of habeas corpus, Respondent argues that Petitioner's claims related to alleged speedy trial and fair trial violations are procedurally barred because he did not raise them on direct appeal. Respondent also argues that Petitioner's claims of due process violations related to sufficiency of the evidence are without merit.

## II.   DISCUSSION

It is well-established that a federal court will not entertain a petition for a writ of habeas corpus on behalf of a state prisoner unless the prisoner has first exhausted all available state court remedies. 28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Rose v. Lundy, 455 U.S. 509 (1982). This exhaustion of state remedies requirement is based on the principles of comity and federalism; its purpose is to ensure

3

that state courts are given the first opportunity to correct alleged federal constitutional errors raised by state prisoners. O'Sullivan, 526 U.S. at 844; Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam); Rose, 455 U.S. at 518-19; Smittie v. Lockhart, 843 F.2d 295, 298 (8th Cir. 1988).

To exhaust his state court remedies, a prisoner must fairly present his constitutional claims to the highest available state court before seeking relief in federal court. O'Sullivan, 526 U.S. at 845; Duncan, 513 U.S. at 365-66. See also McCall v. Benson, 114 F.3d 754, 757 (8th Cir. 1997) ("before we may reach the merits of a habeas petition, we must first determine whether the petitioner has fairly presented his federal constitutional claims to the state court"). Furthermore, a habeas petitioner must exhaust his state court remedies with respect to all of the claims that he wishes to raise in a federal habeas corpus petition. A "mixed petition" -- i.e., one that includes both exhausted and unexhausted claims -- will be dismissed for non-exhaustion. Rose, 455 U.S. at 510, 522.

In this case, it is undisputed that Petitioner has exhausted his claim of due process violations related to sufficiency of the evidence, but has not exhausted his state court remedies for his claims related to alleged speedy trial and fair trial violations. Because Petitioner has not fairly presented all of his current claims for relief to the state courts, he has not satisfied the exhaustion of state court remedies requirement.

It appears there is a state court remedy that might still be available for Petitioner's unexhausted claims -- namely a motion for post-conviction relief brought under Minn. Stat. § 590.01. However, the Court recognizes that Petitioner may be procedurally barred under state law from raising his unexhausted claims in a state post-conviction motion, if the state courts determine that those claims could have been previously raised on direct appeal. See McCall, 114 F.3d at 757 ("Minnesota law provides that once the petitioner has directly

appealed his sentence 'all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief'"), (citing State v. Knaffla, 243 N.W.2d 737, 741 (Minn. 1976)); Roby v. State, 531 N.W.2d 482, 484 (Minn. 1995). Nevertheless, it is preferable to have the Minnesota state courts, rather than the federal district court, decide which (if any) of Petitioner's unexhausted federal constitutional claims can still be heard and decided on the merits in state court, and which claims are barred by the state's procedural rules.[1]

Because the present Petition contains one exhausted claims and two unexhausted claim, it is a mixed petition, and must be dismissed without prejudice. Rose v. Lundy, 455 U.S. at 522; Ashker v. Leapley, 5 F.3d 1178, 1189 (8th Cir. 1993). Alternatively, the United States Supreme Court had dictated that a petitioner who presents such a "mixed petition" must be afforded the option of amending his petition so as to include only those claims which have been properly exhausted. Id., at 520. Recently however, the Supreme Court added a third option for the treatment of a mixed petition, holding that the United States District Courts retained their authority to issue a "stay and abeyance" in habeas cases to allow a petitioner to return to state court and exhaust unexhausted claims without running the risk of being barred by the applicable statute of limitations. See Rhines v.

---

[1] Any claims that the state courts refuse to decide on the merits because of a state procedural rule will be procedurally defaulted, and will not be reviewable in a future federal habeas proceeding, except upon a showing of sufficient cause and prejudice to excuse the procedural default. Coleman v. Thompson, 501 U.S. 722, 750 (1991). See also Jones v. Jerrison, 20 F.3d 849, 853 (8th Cir. 1994), ("[f]ederal courts will not review a procedurally defaulted claim because 'a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance'") (quoting Coleman, 501 U.S. at 732).

5

Weber, __ U.S. __, 125 S.Ct. 1528, 1534 (2005)[2]; 28 U.S.C. § 2244(d)(1)(A) (one-year limitation on filing applications for habeas relief following the date on which judgment became final by the conclusion of direct review or the expiration of the time for seeking such review). The Supreme Court noted that such authority to issue a stay was circumscribed by the enactment of the Antiterrorism and Effective Dealth Penalty Act ("AEDPA"), and that a stay and abeyance should only be granted where a district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court, that the petitioner's unexhausted claims are not "plainly meritless," and that the petitioner has not engaged in dilatory tactics. Rhines, 125 S.Ct. at 1533, 1535.

On June 6, 2005, four days after this Court issued its Report and Recommendation, the Eighth Circuit Court of Appeals issued two decisions which provided further guidance to the district courts on how to resolve mixed petitions. See Rhines v. Weber, __ F.3d __, 2005 WL 1322628 (8th Cir. 2005); Akins v. Kenney, __ F.3d __, 2005 WL 1322694 (8th Cir. 2005). In Akins, the Eighth Circuit held on remand that the petitioner "must be given an opportunity to demonstrate good cause for his failure to exhaust his claims first in state court[.]" Akins, 2005 WL 1322694 at *4. In Rhines, the Eighth Circuit emphasized that the district court must analyze each unexhausted claim to determine whether: (1) there was good cause for the failure to exhaust; (2) the claim is potentially meritorious; and (3) the petitioner engaged in any abusive litigation tactics or intentional delay. Rhines, 2005 WL 1322628 at *1. Given the recent guidance handed down from the Supreme Court and the Eighth Circuit on the handling of mixed petitions, this Court concludes that Petitioner must

---

[2] The Supreme Court handed down the Rhines decision on March 30, 2005. The parties presented their relevant submissions to this Court well before the Rhines decision, and thus did not have the benefit of the Supreme Court's guidance.

be notified of the option to request a stay and abeyance.[3]

Consequently, Petitioner must determine whether he wants to (1) amend his current Petition to delete the speedy trial and fair trial claims and proceed only with his exhausted claim; (2) dismiss the present Petition without prejudice so that he can go back to state court and pursue his unexhausted speedy trial and fair trial claims, and then return to this Court on a newly-filed habeas petition after such claims are exhausted; or (3) seek a stay and abeyance of the exhausted claims so that he can go back to state court and pursue his unexhausted speedy trial and fair trial claims.

Petitioner should be aware, however, that there are risks to pursuing any of these options.  If he proceeds with option 1 (submission of an amended petition which deletes the speedy trial and fair trial claims), he may be precluded from filing another habeas petition pursuant to the provisions regarding second and successive petitions under 28 U.S.C. § 2244(b).  See also Rule 9, Rules Governing § 2254 Cases in the United States District Court.  If Petitioner decides to pursue option 2 (dismiss his present action without prejudice, so that he can exhaust all his state claims and file a new habeas petition after he has done so), he should be aware that the one-year statute of limitations for bringing a § 2254 action

---

[3] In the Court's previous Report and Recommendation, Petitioner was given the choice of (1) amending his current Petition to delete the speedy trial and fair trial claims and proceed only with his exhausted due process claims; or (2) dismissing the present Petition without prejudice so that he could go back to state court and pursue his unexhausted speedy trial and fair trial claims, and then return to this Court on a newly-filed habeas petition after such claims were exhausted.  On June 12, 2005, Petitioner sent correspondence to the Court indicating that he wished to excise the unexhausted claims from his Petition and proceed solely with his exhausted claim. [Docket No. 13].  Petitioner sent this letter without the benefit of having notice of the third option to request a stay and abeyance.  In order to insure that Petitioner is fully informed of all options, the Court will not act on his request to excise his unexhausted claims at this point in time.

may bar a later attempt to file a new habeas petition.[4] If Petitioner decides to pursue option 3, he should be aware that he will need to demonstrate: (1) good cause for his failure to exhaust his unexhausted claims in state court; (2) that his unexhausted claims are not "plainly meritless"; and (3) that he has not engaged in abusive litigation tactics or intentional delay. Rhines, 125 S.Ct. at 1535; Akins, 2005 WL 1322694 at *4.

In sum, this Court has determined that because the present Petition contains several exhausted claims and one unexhausted claim, it is a mixed petition, and must be dismissed without prejudice.[5] However, this Court will not dismiss this case if Petitioner decides to amend his Petition and proceed solely with the exhausted claim, or if he requests a stay and abeyance. As such, Petitioner should decide whether he wants to (1) proceed only with his exhausted claims[6]; (2) dismiss the current habeas Petition without prejudice, so that he can pursue and exhaust his speedy trial and fair trial claims in state court, and then, if he can, return to federal court; or (3) seek a stay and abeyance of the exhausted claims

---

[4]  There is a one-year limitation on filing applications for habeas relief following the date on which judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). Therefore, the limitations period begins to run following the expiration of the 90 days during which a petitioner could file for a writ of certiorari to the United States Supreme Court. Beery v. Ault, 312 F.3d 948, 950 (8th Cir. 2002), reh'g & reh'g en banc denied, Jan. 29, 2003, Smith v. Bowersox, 159 F.3d 345, 348 (9th Cir. 1998), cert. denied, 525 U.S. 1187 (1999). In this case, it appears that the limitations period did not start to run until January 19, 2004, ninety days after the Minnesota Supreme Court denied review of Petitioner's Petition for Review, and thus, the statute of limitations to pursue a habeas petition ran out a year from that date.

[5]  Because this Court has determined that it must dismiss this Petition, unless Petitioner amends it to remove the unexhausted speedy trial and fair trial claims, this Court cannot address the merits of his exhausted claims at this time.

[6]  Petitioner is reminded that if he pursues the option of proceeding only with his exhausted claims, he must file an Amended Petition with the Court within 14 days from the date of the Court's Order adopting this Amended Report and Recommendation, deleting his speeding trial and fair trial claims (ground 3). It will not be sufficient to send a letter to the Court indicating a desire to remove ground 3 from his current Petition.

so that he can go back to state court and pursue his unexhausted speedy trial and fair trial claims.[7]

### III. RECOMMENDATION

Based upon the foregoing and all of the files, records, and proceedings herein,

**IT IS RECOMMENDED** that this action be dismissed without prejudice, unless Petitioner files within fourteen (14) days from the date of the Court's Order adopting this Report and Recommendation, an Amended Petition to state only Grounds One, Two, and Four, of the instant Petition; or files within fourteen (14) days from the date of the Court's Order a request seeking a stay and abeyance of this matter to afford Petitioner an opportunity to return to state court to exhaust his unexhausted claims.

Date:       June 15, 2005

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

### NOTICE

Under D. Minn. Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties by July 5, 2005, a writing which specifically identifies those portions of this Report to which objections are made and basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief with ten days after service thereof.  All briefs filed under this rule shall be limited to ten pages.  A judge shall make a de novo determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.

---

[7] In the event that Petitioner pursues the option of seeking a stay and abeyance, he must submit to the Court within 14 days from the date of the Court's Order adopting this Report and Recommendation, a request for a stay and abeyance <u>and</u> demonstrate in that request: (1) good cause for his failure to exhaust his unexhausted claims in state court; (2) that his unexhausted claims are not "plainly meritless"; and (3) that he has not engaged in abusive litigation tactics or intentional delay.